Judges Grimke and Bay
were of opinion, that the motion for the prohibition ought to be refused. They considered the act in question as authorized by the fundamental principles of society. That the authority of the state, as laid down by eminent civilians and jurists, to appropriate a portion of the soil of every country for public roads and-highways, was one of the original rights of sovereignty, retained by the supreme power of every community at its formation, and like the power of laying on, and collecting taxes, paramount to all private rights ; or in other words, that all private rights were held and enjoyed, subject to this condition.
That it was by the means of these roads and highways, that the citizens of the country had a- convenient communication from one extremity of it to another ; and between the intermediate towns and public places in the interior of it. It was along them also, that the citizens assembled with convenience and despatch in times of danger and alarm, for defence and protection ; and along these, the productions of the country were conveyed to a market, and the produce of the soil was rendered valuable. It was therefore a mat» ter of primary importance, that the power of making ap,d *57 laying off these avenues of great public convenience, and keeping them in repair, should for ever be vested in the supreme legislative body of every nation and comrqonwealth on earth. That the legislature of South Carolinafiiad exercised this power and authority, from 'the first establishment of civil government in it, to the present day." They therefore considered it, as much a part of the commoNRaw of South Carolina, as any other part of that great andlvalua-ble system. •
That it was neither against magna charla-, nor the state constitution, but part of the lex terree, which both meant to defend and protect. The so much celebrated magna charta of Great Britain, was not a concession of rights and privileges, which had no previous existence ; but a restoration and confirmation of those, which had been usurped, oiqhad fallen into disuse. It was therefore only declaratory of the well knowtl and established laws of the kingdom.
So, in like manner, the 2d section of the 9th article of our state constitution, confirms all the before-mentioned principles. It was not declaratory of any new law, but confirmed all the ancient rights and principles, which’ had been in use in the state, with the additional security,-that no bills of attainder, nor ex post facto laws, or laws impair, ing the obligation of contracts, should ever be passed in the state. They were therefore of opinion, that so far frorii Interfering with, or contradicting this high and important "privilege of the legislature, in laying off highways, they both confirmed and secured it; consequently that none of the cases relied on by the counsel in favour of this motion, had the least tendency to contradict or overturn these principles., They were also of opinion, that the act of the legislature was constitutional and binding, and that the city-council were well warranted in appointing the commissioners to go on and finish the street in contemplation. As to the •assessments on the lot owners, that point seems to have been given up in the argument, as they relied principally on the compensation for the freehold: ajnd as to the mode of *58 collecting them, it appears to be in conformity to the old usage and custom of levying and collecting assessments, por and repairing of bridges, prescribed by the ancient road acts, a century ago. Upon the whole, they were of opinion, that there were no grounds for the prohibition, and that the rule should be discharged.
Burke, J.
admitted the power of the state on great and necessary occasions, to appropriate a portion of the soil of the country, for public uses and national purposes ; but was of opinion that there should be a fair compensation made to the private individual, for the loss he might sustain by it, to be ascertained by a jury of the country.